IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY S. GRAY-ZIEGELBAUER,

      Plaintiff,

 v.                     OPINION and ORDER

EIGHTH STREET AUTO, INC.           19-cv-454-jdp
and JAMES VRUWINK,

      Defendants.

---

  Plaintiff Randy S. Gray-Ziegelbauer is suing defendant Eighth Street Auto, Inc. and its owner, defendant James Vruwink, under 42 U.S.C. § 1983 for repossessing his car in violation of the Due Process Clause. Dkt. 9. Section 1983 usually applies only to actions by government officials. Although Vruwink is not a government employee and Eighth Street Auto is a private company, Gray-Ziegelbauer contends that defendants may be sued under § 1983 because the Marathon County Sheriff's Department assisted with the repossession.

  Gray-Ziegelbauer's complaint included state-law claims as well, but he has since withdrawn those claims, *see* Dkt. 23 and Dkt. 24, leaving only his due process claim. Defendants have moved to dismiss Gray-Ziegelbauer's complaint. Dkt. 13. Because the allegations in Gray-Ziegelbauer's complaint do not satisfy the requirements for private actor liability under § 1983, the court will grant defendants' motion and dismiss this case.

ALLEGATIONS OF FACT

  The court draws the following facts from Gray-Ziegelbauer's amended complaint, Dkt. 9 and accepts them as true for the purpose of deciding defendants' motion to dismiss. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Gray-Ziegelbauer purchased a vehicle on credit from Eighth Street Auto in 2019. On May 30, defendants contacted the Marathon County Sheriff's Department and falsely reported the vehicle as stolen, asking the sheriff's department to recover it. Gray-Ziegelbauer was not in default under the terms of his financing agreement with Eighth Street Auto and was still the legal owner of the vehicle on that date. On May 31, a deputy sheriff stopped Gray-Ziegelbauer while he was driving the vehicle. Gray-Ziegelbauer explained that he owned the vehicle, but the deputy said that defendants had reported the vehicle as stolen. The sheriff's department took the vehicle, leaving Gray-Ziegelbauer on the roadside.

ANALYSIS

Gray-Ziegelbauer's claim is that defendants violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution by repossessing his car without lawful authority. He seeks damages under 42 U.S.C. § 1983, which creates a cause of action against any person who violates the Constitution while acting "under color of state law." *See Honaker v. Smith*, 256 F.3d 477, 484 (7th Cir. 2001). Defendants contend that Gray-Ziegelbauer cannot sue them under § 1983 because he hasn't alleged facts that would show that they acted under color of state law.

A person acts under color of state law when he misuses power that is "possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law." *Id.* (quoting *Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997)). For this reason, most actions under § 1983 are brought against government employees. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). But if a private person willfully

participates in "joint action" with state officials, he acts under color of state law. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

Gray-Ziegelbauer contends that there was joint action between defendants and the sheriff's department because the department had an agreement with defendants to recover his vehicle and return it to them. Dkt. 9, ¶ 26. But joint action requires more than an agreement between a private person and a government official to accomplish any goal—it requires an agreement to violate the plaintiff's constitutional rights. *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016). As defendants stress in their brief, Dkt. 14, at 7–8, Gray-Ziegelbauer alleges that defendants lied to the sheriff's department by falsely reporting his vehicle as stolen to convince the department to take his vehicle from him. Nothing in his complaint suggests that the sheriff's department was aware that defendants' stolen-vehicle report was false or that the department otherwise believed that defendants didn't have a right to recover the vehicle. And "[l]ying to a state actor in order to induce him to participate in unlawful conduct . . . does not create private actor liability." *Wilson*, 830 F.3d at 469. Such conduct is merely "unilateral action" by the private actor, not a "meeting of the minds" with the government official leading to a shared unconstitutional goal. *Id.* In other words, Gray-Ziegelbauer doesn't allege joint action because his complaint doesn't suggest that the sheriff's department and defendants agreed to violate his rights by depriving him of his property.

Gray-Ziegelbauer doesn't address this argument in his response brief. Instead, he relies on two cases from the Seventh Circuit Court of Appeals, but both are consistent with the authority cited above. He cites *Winterland Concessions Co. v. Trela*, 735 F.2d 257 (7th Cir. 1984) for the proposition that "courts routinely rul[e] 'that joint action between a private [party] and a governmental actor in the seizure of disputed property will support a claim under § 1983.'"

Dkt. 19, at 3 (quoting *Winterland*, 735 F.2d at 262). But *Winterland* then states that dismissal of a claim is proper when the plaintiff alleges only "private misuse of a statute or procedure . . . despite the participation of state officers in effecting statutory processes." *Winterland*, 735 F.2d at 262. This is precisely what Gray-Ziegelbauer alleges in his complaint.

Gray-Ziegelbauer also cites *Greco v. Guss*, 775 F.2d 161 (7th Cir. 1985), in which the court concluded that the defendants, private actors who had repossessed plaintiffs' property with the help of a deputy sheriff, could be sued under § 1983. But the court's holding rested on evidence that the private actors "acted jointly and pursuant to a conspiracy with the deputy sheriff" to violate the plaintiffs' constitutional rights—in other words, that the private and public actors shared an unconstitutional goal. *Id.* at 169. And *Greco*, like *Winterland* and *Wilson*, holds that private misuse of public procedure, by itself, does not create § 1983 liability for private defendants. *Id.* at 170.

In addition, Gray-Ziegelbauer cites cases from other circuits regarding law enforcement assistance with repossessions, but none of them are directly on point. In one case, the Fifth Circuit Court of Appeals upheld a district court's dismissal of a § 1983 suit against a private defendant who had repossessed the plaintiff's vehicle while police were present. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir. 1980). The court stated in a brief aside that "police intervention and aid" in the repossession would have created liability under § 1983 but did not elaborate on what type of intervention and aid would be required. *Id.* at 513. Similarly, in *Cofield v. Randolph Cty. Comm'n*, 90 F.3d 468, 471 (11th Cir. 1996), the court simply stated that "our cases suggest that state action might be present if an officer were to facilitate a repossession" without further explanation. *Booker v. City of Atlanta*, 776 F.2d 272, 274 (11th Cir. 1985) (per curiam) and *Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir. 1981)

4

are somewhat more helpful to Gray-Ziegelbauer, both holding that § 1983 liability may attach if a police officer accompanies a private creditor during a repossession and intimidates the debtor out of exercising his right to resist the repossession. But neither of these cases involved public officials who were induced to act by private actors misleading them with false information.

The bottom line is that Gray-Ziegelbauer pleaded facts that are inconsistent with a shared unconstitutional goal between defendants and the sheriff's department, a requirement for § 1983 liability as joint actors with government officials. When defendants raised this issue in their brief, Gray-Ziegelbauer did not address it in his response brief or request leave to amend his complaint. By alleging facts showing that he has no claim, Gray-Ziegelbauer has pleaded himself out of court and dismissal is required. *See McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Accordingly, the court will dismiss his complaint with prejudice for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that defendants Eighth Street Auto, Inc. and James Vruwink's motion to dismiss plaintiff Randy S. Gray-Ziegelbauer's complaint, Dkt. 13, is GRANTED. The case is DISMISSED with prejudice for Gray-Ziegelbauer's failure to state a claim upon which relief may be granted.

Entered January 23, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge